# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **CLARK EDWARD HELTON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:21CV00015 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Vernon M. Williams*, WOLF, WILLIAMS, & REYNOLDS, Norton, Virginia, for Plaintiff; *Theresa A. Casey*, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I accept the report and recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under certain provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 20-page Report on August 1, 2022, in which she recommended that the Court affirm the Commissioner's decision denying benefits. On August 12, 2022, the

plaintiff filed written objections to the Report. The defendant did not file a response. The matter is ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

Helton objects to the following findings in the Report:

(1) That substantial evidence supports the ALJ's classification of the plaintiff's past relevant work.

(2)     That substantial evidence supports the ALJ's conclusion that the plaintiff was not disabled under the Act.

As to his first objection, Helton argues that the ALJ's classification of Helton's past relevant work as the single job of mine surveyor was erroneous because his job duties involved elements of separate jobs. Helton raised this issue in his Motion for Summary Judgment, where he contended, albeit in slightly different terms, that his past relevant work not only involved the duties of a mine surveyor, but also additional responsibilities, rendering such past work a composite job.*

I agree with the magistrate judge that substantial evidence supported the ALJ's classification of Helton's job as a mine surveyor. And though not dispositive, I also note that both Helton's counsel and Helton himself referred to Helton's past job as mine surveyor at the hearing, and counsel did not object to the vocational expert's testimony in which the expert classified the plaintiff's past work as "one occupation, the title is a mine surveyor." Hr'g Tr. 23.

---

* When a claimant's past relevant work is a composite job, the claimant will be considered "not disabled" only when the claimant is able to perform all parts of that composite job. *Jones v. Colvin*, No. 3:15cv195 (MHL), 2016 WL 786626, at *3 (E.D. Va. Feb. 4, 2016), *R. & R. adopted by* 2016 WL 816792 (Feb. 26, 2016). This is different from the general regulatory test, which allows for a finding of "not disabled" when the claimant can perform his past relevant work "either as he performed it in the past *or* as it is generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995). Here, the ALJ, relying on the vocational expert's testimony, found that Helton could perform the mine surveyor position as it is generally performed.

As to his second objection, Helton asserts that the ALJ's residual functional capacity determination — specifically, the finding of a limitation of never climbing ladders, ropes, or scaffolds and a limitation of only occasional work at unprotected heights — is inconsistent with what is required of a mine surveyor job even as generally performed.  However, Helton did not raise this issue in his Motion for Summary Judgment, in which he argued only that the ALJ failed to properly consider his description of past work and that such past work was a composite job.  Therefore, he waived this objection by failing to raise the issue before the magistrate judge. *See, e.g.*, *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 16, is DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 15, is fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 9, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 13, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER:  September 1, 2022

/s/  JAMES P. JONES
Senior United States District Judge